# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.B and J.B.**

**No. 19-0583** (Kanawha County 18-JA-449 and 18-JA-450)


## MEMORANDUM DECISION


Petitioner Mother A.M., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's May 29, 2019, order terminating her parental and custodial rights to S.B. and J.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Elizabeth G. Kavitz, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues the circuit court erred in adjudicating her as an abusing parent and in denying her motion to dismiss the petition.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner abandoned the children and had "not seen [the children] for months." The DHHR further alleged that petitioner and the father were "known drug users." The DHHR alleged that the children's adult

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's sole assignment of error on appeal reads, "[t]he parental rights of the mother should not have been terminated." However, petitioner does not challenge the circuit court's findings supporting the termination of her parental rights. Thus, this memorandum decision will address petitioner's actual arguments on appeal: whether the circuit court erred in finding that petitioner abandoned the children and in denying her motion to dismiss the petition.

1

brother's girlfriend, K.P., was granted temporary guardianship of the children in the Family Court of Kanawha County. Despite the DHHR's two-month investigation, the case worker was unable to reach petitioner and alleged that her whereabouts were unknown at the time the petition was filed. Finally, the DHHR alleged that petitioner had an outstanding arrest warrant for a charge of domestic battery in Kanawha County. Petitioner waived her preliminary hearing and moved for the provision of services. The circuit court ordered the DHHR to provide petitioner with parenting and adult life skills classes, random drug screens, supervised visitation, and bus passes.

The circuit court held an adjudicatory hearing in October of 2018. A DHHR case worker testified that petitioner was not living in the home with the children and was believed to be homeless. The case worker testified that she interviewed ten-year-old J.B., and he disclosed that petitioner "smoked out of a tube with a bowl at the end" and that "there was a white substance [petitioner] would snort with a straw." J.B. also disclosed that petitioner "smacked [him] on the side of the head" and would "punch [him] in the arm." The case worker testified that K.P. was granted guardianship of the children prior to the filing of the petition in July of 2018. K.P. testified that petitioner and the children moved into her home in May of 2018, but, in June of 2018, petitioner and the father left the home and did not return. K.P. was granted temporary guardianship of the children in early July of 2018. According to K.P., the family court sent petitioner notice of the guardianship proceeding, but she did not appear to challenge the proceeding. K.P. testified that, while the children were in her care, petitioner failed to provide any financial support for the children. K.P. further testified that she witnessed petitioner abuse controlled substances, such as methamphetamine, Neurontin, and Suboxone. Ultimately, the circuit court found, by clear and convincing evidence, that the children were neglected by virtue of petitioner's substance abuse and her failure to provide any financial support for them. The circuit court further found that petitioner had abandoned the children. Accordingly, petitioner was adjudicated as an abusing parent.

In April of 2019, the circuit court held the final dispositional hearing. Petitioner did not appear, but was represented by counsel. The DHHR presented testimony that petitioner had not contacted the case worker since the adjudicatory hearing and had not participated in drug screens or services as ordered. Additionally, the circuit court took judicial notice that petitioner was recently charged with the malicious wounding of the children's father. Based on this evidence, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental and custodial rights by its May 29, 2019, order. Petitioner now appeals that order.[3]

The Court has previously set forth the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

_____

[3]The father's parental and custodial rights were also terminated below. According to the parties, the permanency plan for the children is continuation in the guardianship of K.P.

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner acknowledges that the circuit court adjudicated her as an abusing parent based on "abandonment and drug use." However, she argues that she did not abandon the children within the meaning of the West Virginia Code. "Abandonment" is defined in West Virginia Code § 49-1-201 as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[ren]." Petitioner asserts that the testimony at the adjudicatory hearing showed that she was living with the children in May of 2018 and that K.P. testified she was not granted guardianship until July of 2018, the same month that the petition was filed. According to petitioner, the limited period of time that she was away from the children cannot constitute abandonment. However, petitioner fails to acknowledge the testimony that petitioner moved out of the home where the children were living in June of 2018, a month prior to K.P.'s petition for guardianship. Indeed, the testimony that petitioner did not return for the children, did not financially or emotionally support them, and did not contest K.P.'s petition for guardianship of them is strong evidence that petitioner abandoned them. Furthermore, regardless of the evidence of abandonment, petitioner does not challenge the evidence that she abused controlled substances while parenting the children. J.B. disclosed a detailed account of petitioner's substance abuse, and K.P. also testified that she witnessed petitioner abuse multiple substances. Based on this evidence, we find no error in the circuit court adjudicating petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in denying her motion to dismiss at the adjudicatory hearing. According to petitioner, "West Virginia Code § 49-4-602(A) requires a finding that 'there exists imminent danger to the physical well-being of the child' prior to the filing of an abuse and neglect petition."[4] Petitioner argues that the circuit court could not have found that imminent danger existed in this case because the children were placed in a temporary guardianship with K.P. and were safe in that placement. Contrary to petitioner's argument, however, the West Virginia Code section detailing the requirements for filing an abuse and neglect petition, West

---

[4]Petitioner's citation to "West Virginia Code § 49-4-602(A)" is inadequate as it fails to refer to a specific subsection within that statute. Moreover, West Virginia Code § 49-4-602 generally details the procedure and findings required to remove a child from her home following the filing of a petition or during abuse and neglect proceedings. This code section does not relate to the findings required to sustain an abuse and neglect petition.

Virginia Code § 49-4-601(a), does not include a requirement that a child be in imminent danger.[5] A child abuse and neglect petition may be filed when a parent has abandoned a child in a third-party's care, regardless of whether the child is safe in that placement. *See* Syl. Pt. 6, *In re Cristina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (holding that the DHHR may seek the termination of an absent parent's parental rights on the basis of abandonment provided the notice requirements of West Virginia Code § 49-4-601 are met). Accordingly, we find petitioner is entitled to no relief in this regard.

Finally, we briefly note that the circuit court terminated petitioner's parental rights upon findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was necessary for the welfare of the children. *See* W. Va. Code §49-4-604(b)(6). West Virginia Code § 49-4-604(c)(2) provides that there is "[n]o reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when "the abusing parent or parents have willfully refused or are presently unwilling to cooperate in the development of a reasonable family case plan." The circuit court heard evidence that, following petitioner's adjudication as an abusing parent, she failed to contact the DHHR or cooperate with services and that termination of petitioner's parental and custodial rights was in the children's best interests. Petitioner does not challenge these findings on appeal. Therefore, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 29, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]West Virginia Code § 49-4-601(a), entitled "Petitioner and venue" provides:

> If the department or a reputable person believes that a child is neglected or abused, the department or the person may present a petition setting forth the facts to the circuit court in the county in which the child resides, or if the petition is being brought by the department, in the county in which the custodial respondent or other named party abuser resides, or in which the abuse or neglect occurred, or to the judge of the court in vacation. Under no circumstance may a party file a petition in more than one county based on the same set of facts.